IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
: CASE NO. 3:13 CV 01051
JAMES JOSEPH PRINCE, :
:
                       Petitioner : MEMORANDUM AND ORDER
: ADOPTING THE MAGISTRATE
          -vs- : JUDGE'S REPORT AND
: RECOMMENDATION AND
: DISMISSING THE PETITIONER'S
BRIAN COOK, Warden, : PETITION FOR HABEAS RELIEF
:
                      Respondent.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Pursuant to Local Rule 72.2(b)(2), the instant petition for the Writ of Habeas Corpus was referred to United States Magistrate Judge George J. Limbert for report and recommendation ("R&R"). On August 15, 2014, the Magistrate Judge recommended that the Petition be dismissed and that the petitioner's motion for discovery be denied as moot. (Doc. 20). The petitioner has filed timely objections. (Doc. 21). For the reasons that follow, the objections will be overruled, the R&R adopted, and the petition dismissed

**I.**

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the magistrate's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x. 354, 356 (6th Cir.2001) (citing Miller, 50 F.3d at 380). The Sixth Circuit has explained that this specificity requirement is necessary to conserve judicial resources. Howard, 932 F.2d at 509 (if review of general objection is permitted, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act").

**II.**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996,

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000)). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[M]ixed question[s] of law and fact are reviewed under the 'unreasonable application' prong. . . ." Biros v. Bagley, 422 F.3d 379, 386 (6th Cir. 2005)." "Factual findings made by the state court, or by state appellate courts based upon the trial record, are presumed to be correct but may be rebutted by clear and convincing evidence." Id.

### III.

On October 4, 2011, the Ohio State Highway Patrol arrested and jailed the petitioner, after officers discovered heroin and a syringe in his car. On October 6, 2011, an Auglaize County Grand Jury indicted the petitioner on charges of possession of heroin in violation of R.C. 2925.11(A) and possession of drug abuse instruments in violation of R.C. 2925.12(A). On the same day, the petitioner's jail cell was searched,

3

and officers discovered more heroin belonging to the petitioner. As a result, on November 23, 2011, the petitioner was charged by information with another crime, namely, illegal conveyance of drugs into a detention facility in violation of R.C. 2921.36(A).

On November 23, 2011, the petitioner entered into a plea agreement. The petitioner agreed to plead guilty to the possession charge, and he agreed to waive prosecution by indictment of the illegal conveyance charge. The state agreed to nolle the charge of possession of drug abuse instruments. After conducting a Rule 11 plea colloquy, the trial court accepted the petitioner's guilty pleas to the charges of possession and illegal conveyance. On January 13, 2012, after the trial court rejected the petitioner's requests to withdraw his guilty pleas, the petitioner was sentenced to twelve months incarceration for possession of heroin and thirty-six months for illegal conveyance of drugs, to be served consecutively.

The petitioner filed direct appeals to the Third District Court of Appeals and the Ohio Supreme Court. The Court of Appeals affirmed the trial court's judgment and the Supreme Court declined to accept jurisdiction. While his appeal was pending before the Ohio Supreme Court, the petitioner filed an application for reopening his direct appeal in the Third District Court of Appeals. His application was denied. He did not appeal that decision to the Ohio Supreme Court.

On May 3, 2013, the petitioner filed the instant petition for the writ of habeas corpus, asserting numerous grounds for relief. The petition was automatically referred to United States Magistrate Judge George J. Limbert for report and recommendation. After briefing, the Magistrate Judge rejected the petitioner's various grounds for relief as

4

either procedurally defaulted or lacking in merit, and he accordingly recommended that the petition be dismissed.

**IV.**

The petitioner now objects to two of the Magistrate Judge's conclusions. First, the petitioner contends that Magistrate Judge Limbert erred by rejecting the petitioner's claim that appellate counsel was ineffective for failing to raise a Double Jeopardy argument on appeal. When reviewing claims of ineffective assistance of appellate counsel, the Court must assess the claims that appellate counsel failed to raise. Wilson v. Parker 515 F.3d 682, 707 (6th Cir. 2008). "Counsel's failure to raise an issue on appeal [amounts to] ineffective assistance of counsel if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." McFarland v. Yukins, 356 F.3d 688, 699 (6th Cir. 2004).

In this instance, the petitioner contends that appellate counsel was ineffective because he failed to argue that the petitioner was punished twice for the same offense in violation of double jeopardy, when the state convicted him both of possession of heroin and illegal conveyance of heroin into a correction facility. The Magistrate Judge rejected this claim, and, upon *de novo* review, this Court does the same. It is not evident, and the petitioner does not explain, how his two convictions implicate the Double Jeopardy Clause. On October 4, 2011, the petitioner was arrested for possessing heroin, a crime for which he was indicted on October 6, 2011. On the day of the indictment, after the petitioner's jail cell was searched, officers found more heroin, and the petitioner was charged with illegal conveyance of a controlled substance into a detention facility. These crimes plainly involved two separate acts and each involved a

different mens rea. As such, there is no double jeopardy problem. While the petitioner now insists that the heroin involved in each crime was of an identical "grade," it is not apparent how this bears on the question of double jeopardy. The petitioner's objections are accordingly rejected, and the Magistrate Judge's recommendation is accepted.

Next, the petitioner objects to the Magistrate Judge's rejection of the claim that appellate counsel was ineffective for failing to argue that the petitioner lacked the competence to enter a guilty plea.

On *de novo* review, the Court finds the petitioner's objection meritless. A guilty plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). Whether a plea is voluntary is determined by consideration of all the relevant circumstances. Brady v. United States, 397 U.S. 742, 749 (1970).

In this instance, the petitioner asserts that because of a mental disability his plea was not voluntary. However, based on the state record, there is no evidence that his guilty plea was not voluntary, knowing, and intelligent. The petitioner, represented by counsel, was informed of the rights he was waiving by pleading guilty. He was also informed of the maximum sentence he could receive after a guilty plea. The petitioner told the trial court that he understood the consequences of entering a guilty plea and that it was his choice to do so. There is no evidence that mental illness prevented the petitioner from understanding the proceedings or the consequences of entering a guilty plea. Therefore, the petitioner's objection is rejected, and the Magistrate Judge's recommendation is accepted.

**III. Conclusion**

For the reasons stated above, the petitioner's objections are overruled, the R&R is adopted, and the petition is dismissed.

IT IS SO ORDERED.

                                                /s/ Lesley Wells
                                           UNITED STATES DISTRICT JUDGE

Date: 30 September 2014